# Francis J. McNally
## v.
## State of Illinois.

*Opinion filed February 17, 1915*

1. Statute of Limitations—*as applied to nuisances.* The two year statute of limitations does not apply where the nuisance is continuing.

2. Johnson v. State—*followed.* In other respects the law as announced in the claim of *Frank O. Johnson* v. *State, supra,* governs this claim.

Brown, Hay & Creighton, and Lagger & Blatt, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Claimant seeks to recover damages for depreciation in the value of certain real estate owned by him in the city of Joliet, located adjacent to the stone quarry conducted in connection with the Illinois State Penitentiary.

The evidence produced by claimant is to the effect, that he purchased the lot in 1902 for $300.00; that he expended various sums of money in improving the property, so that the entire investment represents about $2,500.00; that at the time he purchased the lot and erected the buildings, the stone quarry was not being operated; that blasting commenced in the stone quarry about the year 1907, and that since 1910 blasting has continued practically every day except Sunday, as a result of which, stones have been thrown upon his premises, making holes in the roof, the cistern has been cracked at various times, the foundation of the house has been cracked, windows broken out, plastering cracked, siding damaged, and the property has been damaged in other ways.

Mr. McNally testified as to the various times that blasting in the stone quarry had resulted in causing damage to his property, and there is no doubt but what

he has not only been seriously inconvenienced, but that he has suffered damage as well. He states as his opinion that the value of the property has been depreciated one-half because of the existence of the conditions complained of. In his opinion, the value without the presence of the neighboring stone quarry would be about $3,000.00. He clearly does not qualify himself, however, as a witness acquainted with values. On cross-examination, he stated, that if the property of his neighbor, Mr. Taylor, sold for $2,000.00, his would be worth $2,000.00, and that it would take about $1,200.00 to put his property in as good shape as when built; that the buildings were built nine years ago and have not been painted since built, and he admits a depreciation aside from that caused by the blasting in the quarry.

A witness by the name Champoux, a contractor and builder, offered by claimant, after testifying to the conditions as he found them on frequent visits to the property, stated that in his opinion the property is worth between twelve and fourteen hundred dollars; that it would cost that to build at the present time; that the house should be plastered, chimney torn out and rebuilt, house reshingled and re-sided, and that it would take six or seven hundred dollars to do the work.

John R. Herath, a witness for claimant, testified that he is a real estate dealer in Joliet; that in his opinion the property would be worth from $2,800.00 to $3,000.00, and that the damage to the property, because of conditions, would run between $800.00 and $1,000.00.

In behalf of the State, Joseph McFadden, a real estate dealer, testified that in his opinion, the depreciation was about $500.00, due to the blasting in the quarry, and William H. Clare, a real estate dealer in Joliet, testified that in his opinion, the depreciation due to causes other than natural wear and tear is $500.00.

The State contends that the damages should be limited to such as have resulted during the period of two years next prior to the filing of the claim. With this we do not agree. As we view the situation, this is a continued nuisance, to which the Statute of Limitations is no bar.

Except for the difference in degree of damage, this case is the same in its facts and in the law applicable thereto as the case of *Frank O. Johnson* v. *State of Illinois,* decided by this Court at the October Term, 1913. In that case we found for claimant, and, for the reasons stated in the opinion in that case, we find that claimant is entitled to recover in this case, and it might be said that, barring the difference in property and the particular damage, the language used in that opinion might be well adopted as the opinion of the Court in this case.

It is the judgment of the Court, that claimant be awarded, as his damages, the sum of eight hundred dollars.